**NELSON MOBILE HOMES, INC., Appellant,**

v.

**Clois Delman MORACE, Appellee.**

No. 15954.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 28, 1972.

Rehearing Denied Oct. 19, 1972.

Lieberman, Tratras & Markowitz, Robert A. Markowitz, Houston, for appellant.

Foster C. Wilson, Beaumont, for appellee.

COLEMAN, Justice.

This is an appeal from an order sustaining a plea of privilege. Appellant sued on a security instrument incorporating a promissory note which, it alleged, provided for payment in Harris County, Texas. A copy of the instrument was attached to the petition.

Appellee filed a plea of privilege, alleging venue to be in Liberty County, the county of his residence. Appellant filed a controverting plea which incorporated its orig-

inal petition and the attached note. Appellee did not file a sworn denial of execution of the note.

■ Since appellee filed his plea of privilege in proper form, the burden was placed on appellant to file a controverting affidavit and to produce evidence to overcome the prima facie case made by appellee's plea of privilege. Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222 (1943).

■ Appellant had alleged that the suit was founded on a written contract entered into by appellee providing for performance in Harris County. A copy of such a contract was attached to his petition. Since appellee did not deny under oath the execution of the contract, by virtue of Rule 93 (h), Texas Rules of Civil Procedure, the appellant was relieved of the burden of proving that appellee executed the contract. Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234 (1943).

■ Although in the absence of a sworn denial of execution the instrument "shall be received in evidence as fully proved" as provided by Rule 93(h), there is a requirement that the terms of the note be proved. Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Tex.1965).

■ Appellant had a copy of the instrument marked as an exhibit. After an objection to the copy was sustained, he stated that he would get the original. Following a recess another instrument was marked as an exhibit. There was testimony that it was a security agreement contract prepared by one of appellant's employees and kept in the company's files. There was evidence that the main offices of Nelson Mobile Homes is at 4007 Telephone Road, Houston, Harris County, Texas. This exhibit was then offered into evidence. Appellee objected that the proper predicate had not been laid. This objection was sustained. The trial court erred in refusing to admit the contract into evidence. Gothard v. Saunders, 415 S.W.2d 718 (Tex.Civ. App.—Ft. Worth 1967, err. ref., n. r. e.) ; Underwood v. Kazmeier Hatchery, Inc., 435 S.W.2d 258 (Tex.Civ.App.—Waco 1968).

■ As a general rule a case will not be reversed because of the exclusion of a written instrument from evidence where the instrument is not offered on a Bill of Exception, or the provisions thereof otherwise shown in the record. Seele v. Seele, 371 S.W.2d 922 (Tex.Civ.App.—San Antonio 1963, err. ref., n. r. e.).

■ Here the instrument excluded is one on which the case is founded. An instrument alleged to be a copy was attached to the plaintiff's petition, and appellee failed to deny its execution under oath. It provided for payment in Harris County, Texas. As its sole ground for maintaining venue in Harris County, the plaintiff alleged in its controverting plea that the contract stated an obligation payable to appellant in that county. It is clear from the comments of the court and counsel included in the statement of facts that they each recognized that it was vital to appellant's case for the contract to be received into evidence. The error of the trial court was sufficiently preserved in the record for appellate consideration, and the harmful nature of the error is evident.

Reversed and remanded.