**R. S. ASSOCIATES GENERAL BUILDING CONTRACTORS, INC., Appellants,**

**v.**

**Jimmy DEVONA and wife, Gail Ewing Devona, Appellees.**

No. 17736.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1980.

Rehearing Denied Dec. 26, 1980.

Fred L. Fraser, Houston, for appellants.

Brown & Todd, Alton C. Todd, Alvin, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from a judgment awarding damages for breach of a building contract; the damages were trebled pursuant to the Deceptive Trade Practices Act.

The questions for our determination are whether there is sufficient evidence to support the trial court's finding that a breach of contract occurred and whether there is sufficient evidence to support the court's finding that the conduct of appellant amounted to a violation of the Deceptive Trade Practices Consumer-Protection Act, as it provided in 1978 when the cause of action arose.

In reviewing points of error alleging factual insufficiency of the evidence to support a finding, we are required to review all of the evidence and determine whether the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Prior to their marriage, appellees saw an advertisement in a newspaper which stated that R. S. Associates would build a 6 room home in Cloud Bayou for $35,000. The advertisement pictured the proposed home and its floor plans. The advertisement further stated that R. S. Associates would build the home in 45 days. After reading the advertisement, appellees contacted a representative of appellant and as a result thereof, on April 17, 1978, the parties entered into an earnest money contract for the building and purchase of a home. Pursuant to the terms of that contract, appellees made two payments to appellants totaling $4400 and later paid appellants an additional $1260 as an advance on brick for their home. On June 12, a building contract was signed by the parties. This contract required that appellant begin construction within 30 days from the contract date and diligently pursue the work to completion. The house was never begun and approximately four months after the execution of the building contract, appellees confronted the president of appellant corporation and demanded the return of their money. When this demand was refused, appellees contacted an attorney who on November 17 wrote a letter to appellant making formal demand on it to return the money. The money was not returned and on December 21, appellee's attorney filed suit alleging a breach of the contract and prayed for attorney's fees and treble damages.

Appellant's answer to the lawsuit consisted of an unsworn general denial and of an allegation that the Deceptive Trade Practices-Consumer Protection Act was unconstitutional.

The trial court, sitting without a jury, found that appellant breached the contract and that its actions were misleading, false and unconscionable as those terms are defined under Subchapter E, Deceptive Trade Practices and Consumer Protection Act, Section 17.46, Bus. and Comm. Code (1968 and Supplement). The court further found that appellees were taken advantage of to a grossly unfair degree.

Appellant's appeal is based entirely on allegations that there was insufficient evidence to support the court's findings that: (1) appellants placed the advertisement in the newspaper, (2) appellees contacted appellant because of the advertisement, (3) there was a contract, (4) there was a breach of the contract, (5) the actions of appellant were misleading, false and unconscionable, (6) appellants were taken advantage of to a grossly unfair degree or that appellant demonstrated wrongful intent, (7) an earnest money contract was entered into by

appellant and appellees, (8) appellees paid money to appellant pursuant to the earnest money contract, and (9) appellant did not start substantial construction within 30 days after the execution of the contract.

The allegations of the insufficiency of the evidence as stated in (7), (8) and (9) in the above paragraph were rebutted by appellant's answer in response to request for admissions, which answers were introduced into evidence at the trial.

■ Mr. Devona testified that he and his wife saw the advertisement in the newspaper and because of it they contacted a representative of appellant. The advertisement was identified by Mr. Devona and admitted into evidence. There was no evidence which would tend to show that appellant did not cause the ad to be placed in the newspaper or that appellees did not contact appellant's representative because of the newspaper advertisement. The evidence was sufficient to support the court's findings that defendant published the advertisement and that appellant's representative was contacted by appellees because of the advertisement.

■ In its third point of error appellant complains that there is insufficient evidence that there was a contract to build a house because the written contract was never admitted into evidence.

Appellant's petition alleged that their suit was based on a contract and a copy of the written contract was attached to the petition. Appellant's answer did not deny the execution of the contract as required by Rule 93(h), Texas Rules of Civil Procedure; therefore appellees were relieved of the burden of proving the execution of the contract. *Nelson Mobile Homes, Inc. v. Morace,* 486 S.W.2d 194 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). However, appellees still had the burden of proving the terms of the contract. *Thompson v. Republic Acceptance Corporation,* 388 S.W.2d 404 (Tex.1965).

Although the contract was never formally introduced into evidence the attorneys and the court were apparently under the impression that it had been admitted. The court, the respective attorneys and the witnesses freely referred to the contract, sometimes generally and sometimes to specific paragraphs and provisions. No objection was ever made to this testimony nor to the subsequent testimony regarding the breach of the contract. Cross examination by appellant's counsel inquired as to specific provisions in the contract. The court read a specific provision concerning appellant's obligations verbatim from the written contract and asked the attorneys whether this was the applicable paragraph; both answered that it was. Oral testimony proved that there was a contract to build a house, that appellant was obligated to begin construction within 30 days, that no construction was begun within 30 days and that very little was ever done to prepare for construction. The evidence was sufficient to support the court's findings of a contract and a breach.

■ The evidence was also sufficient to support the court's findings that the actions of the appellant were misleading, false and unconscionable as those terms are defined under Subchapter E, Deceptive Trade Practices and Consumer Protection Act, Section 17.46, Bus. and Comm. Code.

The undisputed evidence shows that the two young appellees, contemplating marriage, saw an advertisement picturing a house which would be built within 45 days for the sum of $35,000; that appellees, in response to the ad contacted appellant, did what appellant asked and got nothing in return. There was not even a hint that appellees had done anything uncooperative and certainly no evidence that they had in any way breached the contract. The conduct and attitude of appellant were outrageous and constitute the very behavior that the Deceptive Trade Practices act is meant to discourage.

Section 17.50, Tex.Bus. and Comm.Code, Deceptive Trade Practices and Consumer Protection Act, provides in part:

(a) a consumer may maintain an action where any of the following constitute a producing cause of actual damages:

.    .    .    .    .

(2) breach of express or implied warranty;

(3) any unconscionable action or course of action by any person.

Section 17.44 of the Act provides: "This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection."

Section 17.45 of the Act provides:

"As used in this subchapter:

(5) "unconscionable action or course of action" means an act or practice which, to a person's detriment:

(A) takes advantage of the lack of knowledge, ability, experience, or capacity to a grossly unfair degree:"

The court did not err in finding that the conduct of appellant violated the Act.

Appellant cites *Singleton v. Pennington,* 568 S.W.2d 367 (Tex.Civ.App.—Dallas 1977, rev'd) in support of his contention that because there was insufficient evidence that appellant demonstrated any "wrongful intent", appellees did not prove an action under the Act. This contention is without merit for two reasons, the first being that such "wrongful intent" was shown and secondly, because the opinion of our Supreme Court in reversing *Singleton, Pennington v. Singleton,* 606 S.W.2d 682 (1980), held that an intent to deceive need not be proved to recover treble damages, unless the particular section in the Act relied upon required it to be proved.

The judgment is affirmed.