**Larry Joseph DECUIRE, Appellant,**

v.

**Elois SINEGAL, Appellee.**

**No. 8636.**

Court of Civil Appeals of Texas, Beaumont.

April 16, 1981.

Harold Plessala, Nederland, for appellant.

Robert P. Walker, Port Arthur, for appellee.

KEITH, Justice.

This is an appeal from an order legitimating a child pursuant to the provisions of *Tex. Family Code Ann. Title 2, Chapter 13, Subchapter B, § 13.21 et seq. (Supp. 1980–1981).* In the petition filed by the mother of the child on July 12, 1979, it was alleged that the child was born on June 16, 1975, and was the biological son of the father whom she sued. She attached to her petition a statement of paternity conforming in every respect with the provisions of *§ 13.22* of the Family Code.[1]

The father answered by a general denial. In this posture of the case, the statement of paternity was admissible without proof of its execution. *Tex.R.Civ.P. 93(h).*[2] *Nelson Mobile Homes, Inc. v. Mo-*

race, 486 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). Thus, a verified denial of the execution of the statement of paternity was required before the father had standing to interpose any tenable objection to the receipt of the instrument in evidence. *Howell v. Knox,* 211 S.W.2d 324, 327 (Tex.Civ.App.—Austin 1948, writ ref'd n. r. e.).

But, our record shows clearly that the defect in the defensive pleading was waived by failure to file an exception to its insufficiency, or to object to the admission of evidence challenging its execution. See *Leon Farms Corp. v. Beeman,* 240 S.W.2d 433, 436 (Tex.Civ.App.—El Paso 1951, writ ref'd n. r. e.). See also, *2 R. McDonald, Texas Civil Practice § 7.29, at 237 (1970 Rev. Vol.).*

In this posture, the mother assumed the burden of proving that the father executed the statement of paternity in accordance with the quoted statute. The notary whose signature appears upon the statement did not have an independent recollection of the event except that the parties did appear in his office and he made a change in the name of the father as it appeared typed into the already prepared instrument brought to his office.

The signatory witnesses testified to having been present at the time of the execution of the document but were unwilling to testify that they were in the same room as the father when the instrument was signed. Each witness testified that she was in position to see the father sign the instrument through an open doorway.

1. *§ 13.22*: The statement of paternity authorized to be used in Section 13.21 of this code must be executed by the father of the child as an affidavit and witnessed by two credible adults. The affidavit must clearly state that the father acknowledges the child as his child, that he and the mother, who is named in the affidavit, were not married to each other at the time of conception of the child or at any subsequent time, and that the child is not the legitimate child of another man. The statement must be executed before a person authorized to administer oaths under the laws of this state."

2. *Rule 93*: "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

\* \* \* \* \* \*

"(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed.... In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

The father did not deny—at any time—paternity of the child; instead, he confined his testimony to the fact that the notary did not actually administer an oath to him at the time he signed the instrument and that he never raised his hand in an oath.

 The instrument was admitted into evidence and the judgment legitimated the child, appointed the mother as managing conservator, and ordered the father to make periodic payments for the support of the child. In his sole point in his amended brief, the father contends that the trial court erred in admitting the statement of paternity into evidence because the evidence was legally and factually insufficient to prove that it was executed in compliance with the statute noted earlier.

The issue of whether or not the father executed the statement of paternity was a disputed issue of fact and the primary witnesses were the interested parties to the suit—the father and the mother. Under these circumstances, the determination of the disputed issue was for the trial court. But, the father requested findings of fact and conclusions of law and, in the first set filed by the trial court, no finding was made as to whether or not the statement of paternity was executed in compliance with § 13.22 of the Family Code (footnote 1, supra).

The father then objected to the findings as being incomplete and requested a specific finding:

> "... that the Statement of Paternity admitted into evidence was executed by the father of the child as an affidavit and witnessed by two credible adults."

When the court did not respond within five days, as required by *Tex.R.Civ.P. 298*, the father presented his bill of exception to such refusal to so find and the trial court approved the bill of exception, thereby certifying that he refused to find that the statement of paternity was executed in the form and manner required by the statute.[3]

---

3. The bill of exception procedure is an appropriate method of protecting a complaint of failure to comply with a request for additional findings of fact. *Spardlin v. Rosebud Feed &*

The mother made no attempt to comply with *Chapter 13, Subchapter A, §§ 13.01–13.09* of the Family Code; and the trial court refused to find that the statement of paternity introduced in evidence was executed in accord with the statute. Even though the father has never denied paternity, we are not in position to affirm the judgment of the trial court. Consequently, we sustain the factual insufficiency facet of the father's point of error. The judgment is reversed and the cause is remanded for a new trial. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

REVERSED and REMANDED.

*Grain Co.*, 294 S.W.2d 301, 302 (Tex.Civ.App. —Waco 1956, writ ref'd n. r. e.). See also, *State Bar of Texas, Appellate Procedure in Texas § 11.6[4], at 252 (2d Ed. 1979).*