NO. 07-03-0204-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 4, 2004

_____

MACKIE'S AUTOMOTIVE, INC.,

Appellant

v.

MIKE PARKS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B31413-0102; HON. ED SELF, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Mackie's Automotive, Inc. (Mackie's) appeals from a summary judgment granted in favor of appellee Mike Parks (Parks). Mackie's sued Parks on a sworn account to recover the costs of services rendered in repairing several motor vehicles. Parks filed a counterclaim alleging that Mackie's levied upon him a usurious interest rate. Both litigants eventually filed opposing motions for summary judgment. Thereafter, the trial court

entered judgment decreeing that Mackie's take nothing against Parks and awarding Parks attorney's fees and costs of court. Two issues pend before us. Therein, Mackie's argues that the trial court erred in 1) denying its motion for summary judgment, and 2) granting summary judgment on Parks' unverified counterclaim of usury. We affirm the judgment of the trial court.

*Standard of Review*

The standard by which we review summary judgments is well established and need not be reiterated. Instead, we refer the litigants to *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985) and *Davis v. First Indemnity of Am. Ins. Co.,* 56 S.W.3d 106 (Tex. App.–Amarillo 2001, no pet.) for its explanation.

*Application of Standard*

Whether the trial court erred in denying Mackie's request for summary judgment depends upon whether it erred in granting that of Parks. This is so because it does not dispute that it charged a usurious rate of interest, that the rate it charged was more than twice that allowed by law, or that the consequence of charging the rate can be the loss of recovery against Parks. Instead, the company posits that the trial court should not have granted the summary judgment request of Parks because the interest rate levied was an accidental or a bona fide error. *SEE* TEX. FIN. CODE ANN. §305.101 (Vernon Supp. 2004) (stating that a creditor is not subject to penalty for any usurious interest that arose from an accidental or bona fide error). At the very least, the evidence it presented created a fact issue regarding the matter, it continued. Furthermore, that evidence consisted of its president's attestation that the "company utilized a computerized billing service out of Atlanta, Georgia, which unknown to Mackie's Automotive, Inc.[,] included a monthly finance

2

charge in excess of that allowed by law" and "[t]he inclusion of a finance charge in excess of that allowed by law by the computerized service hired by Mackie's Automotive . . . was accidental or due to a bona fide error as Mackie's . . . prior to hiring an attorney to represent [it] in the *appeal* of the above styled cause[,] did not know about such error." (Emphasis added).[1]  That no one at Mackie's knew the rate being levied by the Atlanta computer service was usurious is of no consequence, however.  This is because the defense of accident or bona fide mistake encompasses clerical errors, not purported misinterpretations of the law.  *Mayfield v. San Jacinto Sav. Ass'n,* 788 S.W.2d 119, 122 (Tex. App. - Houston [14th Dist.] 1990, writ denied) (holding the defense is limited to clerical errors and erroneous interpretations of the law are not excused).  Nor does it encompass ignorance of the usury laws.  *Commercial Credit Equip. Corp. v. West*, 677 S.W.2d 669, 677 (Tex. App.–Amarillo 1984, writ ref'd n.r.e.) (stating that the lack of knowledge about the usury laws or their application to a particular transaction did not constitute a bona fide error).  Moreover, no one at Mackie's said that they did not intend to charge the rate actually levied.  So, the evidence upon which Mackie's relies to create a material issue of fact did and does not do that.

Next, to the extent that Parks may not have verified its allegation of usury when asserted in its counterclaim, we find the deficiency waived.  It is true that one must verify by affidavit a pleading wherein the defense of usury is raised, unless the truth of the matter appears of record.  TEX. R. APP. P. 93(11).  However, Mackie's did not specially except to

---

[1]The excessive rate (1.5 percent per month) was also requested (as prejudgment interest) by Mackie's in the petition it originally filed against Parks.  The petition was apparently written by an individual in Hale County, Texas, not a computerized billing service in Atlanta, Georgia.  And, why the excessive rate was sought in that document goes unjustified.

the missing verification or otherwise complain of the evidence tendered by Parks to illustrate that the transaction was usurious. *See Decuire v. Sinegal*, 617 S.W.2d 725, 726 (Tex. App.–Beaumont 1981, no writ) (stating that the failure to comply with Rule 93 was waived when the defendant did not specially except to the pleading or object to the evidence). Thus, the defect was waived.

We overrule each issue asserted by Mackie's and affirm the judgment of the trial court.


Brian Quinn
Justice