James N. **LETSOS**, Jr., et al., Appellants,

v.

I. Tom **KATZ** et al., Appellees.

No. 16004.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1972.

Tom J. Lykos, Houston, for appellants.

De Lange, Hudspeth, Pitman & Katz, Eugene J. Pitman, Houston, for appellees.

COLEMAN, Justice.

This is a suit for declaratory judgment seeking a construction of the building restrictions applicable to Pine Wood Estates, a subdivision in Houston, Harris County, Texas, that would constitute certain subdivided lots "building sites," as that term was used in such restrictions. From a judgment denying the relief sought this appeal has been perfected.

This suit was not brought as a class action. The named defendants were sued "in their capacity as the Pine Wood Committee." In the instrument establishing the restrictions on the Pine Wood Estates Subdivision, provision was made for the election of a committee of three members, to be known as the Pine Wood Committee, by the owners of the acreage in the subdivision. The authority and function of the Committee were detailed as follows:

" . . . . The Pine Wood Committee, when created shall function as representatives of all of the property owners in Pine Wood Estates to assure against depreciation of property values in said addition by giving its attention to the matters hereinafter set out as proper functions of such Committee, and shall be authorized to:

"1—Collect and expend, in the interest of the subdivision as a whole, the Maintenance Fund hereinafter created.

"2—Enforce, by appropriate proceedings, these covenants and restrictions.

"3—Enforce or release any lien imposed on any part of this subdivision by reason of a violation of any of these covenants or restrictions, or by reason of failure to pay the maintenance charges herein provided for.

"4—Approve or reject plans and specifications for improvements, including the outside color scheme to be used on any such improvements, to be erected in Pine Wood Estates, all of which must be submitted to it for approval prior to the commencement of construction of any such improvements, in accordance with these restrictions."

It was stipulated that the defendants were the members of Pine Wood Estates Committee as provided in the restrictions at the time of the institution of the suit, and that "the judgment in this case will have the same effect as if all the present members of Pine Wood Estates Committee were named Defendants in this suit, in their capacity as members of Pine Wood Estates Committee."

The defendants are sued in their capacities as members of the Pine Wood Estates Committee only. Extensive powers are granted this Committee by the instrument creating the restrictions on the subdivision. The powers and duties of the Committee will not be extended by implication. The instrument does not authorize

the Committee to defend suits affecting the subdivision as the representative of the lot owners. It is not alleged in the plaintiffs' petition that the Committee is sued as the duly authorized representative of the property owners.

■ The lot owners have a joint interest with the Committee in the issues presented by this suit for declaratory judgment in its present form. Each lot owner is an indispensable party to this action. Campbell v. Jefferson, 453 S.W.2d 336 (Tex.Civ.App.—Tyler 1970, writ dism'd); Bradco Oil & Gas Co. v. Rowan, 437 S.W.2d 58 (Tex. Civ.App.—Houston, 1st, 1968).

Reversed and remanded.