Ted E. DAHL, Appellant,

v.

Wayne L. HARTMAN; Walter Seibert; Stephen W. Howells, Individually and as Members of The Petition Committee; Spring Branch Estates II Civic Association and Dan Morales, Attorney General of The State of Texas, Appellees.

No. 14–99–00037–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 2, 2000.

Ted E. Dahl, Houston, pro se.

Valerie Rose Esparza, Austin, for appellee, Attorney General, Dan Morales.

Phillip C. Summers, Ralph A. Keen, Diane Guariglia, Michael T. Gainer, Joseph Alan Callier, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices FOWLER and WITTIG.

## OPINION

PAUL C. MURPHY, Chief Justice.

This appeal is taken from the trial court's dismissal of Ted E. Dahl's declaratory judgment action against Spring Branch Estates II Civic Association ("the Association") and members of the Spring Branch Estates Petition Committee ("the Committee") after Dahl failed to serve all necessary parties to this suit pursuant to the trial court's order.

Spring Branch Estates II is a deed-restricted community platted in 1949. The deed restrictions designated the subdivision a single-family residential community and prohibited the commercial use of subdivision property. The deed restrictions expired according to their terms on January 1, 1997, and no internal provisions were made regarding their renewal.

Before the restrictions lapsed, however, members of the community formed a committee to circulate several petitions which would allow the deed restrictions to be renewed. This group also desired to form a property owner's association (POA) and organize it as a non-profit corporation. The Committee was successful in organizing the Association and the deed restrictions were extended.

Dahl, a resident of the subdivision, filed a declaratory judgment action against the Association and the Committee, claiming that the Committee did not properly follow the Texas Property Code in extending the restrictions or forming the POA. He also claimed that portions of Chapter 204 of the Property Code were unconstitutional. The defendants filed a plea in abatement, claiming the 333 real property owners in the community were necessary parties who

had not been served. Agreeing, the trial court abated the case and ordered Dahl to serve all affected property owners within ninety days. Dahl failed to comply with this order and the trial court dismissed his case, including his constitutional challenge to the Property Code, without prejudice.

■ We apply an abuse of discretion standard when reviewing a trial court's dismissal of a case for failure to comply with a plea in abatement. *See Dolenz v. Continental Nat'l Bank*, 620 S.W.2d 572, 575–76 (Tex.1981); *Alcala v. Williams*, 908 S.W.2d 54, 56 (Tex.App.—San Antonio 1995). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex.1995).

■ The trial court did not abuse its discretion in finding that all property owners in Spring Branch Estates II were necessary parties to Dahl's declaratory judgment action. According to the Texas Uniform Declaratory Judgment Act, "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997 & Supp.2000). The purpose of this provision is to avoid a multiplicity of suits since a declaratory judgment does not prejudice the rights of a person not a party to the proceeding. *See id.; Blythe v. City of Graham*, 303 S.W.2d 881, 883 (Tex.Civ. App.—Fort Worth 1957, no writ). Since the court found the invalidation of the deed restrictions would affect the property interests of all real property owners in the community, the court did not abuse its discretion in ordering Dahl to make them parties. *See Blythe* 303 S.W.2d at 883; *Letsos v. Katz*, 489 S.W.2d 317, 319 (Tex. Civ.App.—Houston[1st Dist.] 1972, no writ).

■ Dahl claims that individual service on all affected real property owners was unnecessary in this case, even though his suit might affect their property interest. Rather, Dahl advances two arguments that he effectively made the property owners parties by serving various entities. First, Dahl claims that the Property Code makes a POA the representative of all property owners in the community, allowing its members to be brought into a case by serving the POA. Second, Dahl argues that since the POA was a non-profit corporation and all necessary parties were members, service on the corporation effectively served the members.

The resolution of Dahl's first argument turns on the trial court's interpretation of TEX. PROP.CODE ANN. § 204.004, which states in relevant part, "A property owners' association is a designated representative of the owners of property in a subdivision...." (Vernon Supp.2000). We, therefore, look to see if the trial court abused its discretion in disagreeing with Dahl's position.

According to Dahl, once a POA is served, Section 204.004 demands that it represent the interests of all property owners in the community. The Association disagreed, arguing that this section, when viewed against of the totality of Chapter 204, does not create an affirmative duty to represent the real property owners, but gives it the power to represent them on a permissive basis.

■ The Association directed the trial court to TEX. PROP.CODE ANN. § 204.010(a)(4) (Vernon Supp.2000). This provision, which delineates the powers of the POA, states that a POA "may: ... institute, defend, intervene in, settle, or compromise litigation or administrative proceedings on matters affecting the subdivision." *Id*. The permissive language of this section thus allows the POA to defend litigation on behalf of the entire subdivision, but does not require the POA to represent the interests of all property owners in the community once litigation has begun. Rather, the only mandatory power given to a POA under Chapter 204

is the power to approve and circulate petitions relating to changing existing deed restrictions. *See* TEX. PROP.CODE ANN. § 204.005(a) (Vernon Supp.2000).

Other support exists for the trial court's decision. *See* TEX. PROP.CODE ANN. § 201.010(b) (Vernon 1995) (stating that all property owners in a community must be made parties in a declaratory judgment action challenging deed restrictions).[1] Likewise, several cases have held that all real property owners in a community must be individually made parties in a case that affects the substantial rights of all real property owners in that community. *See Letsos,* 489 S.W.2d 317; *Blythe,* 303 S.W.2d 881. In a similar context, this court recently held that all members of a condominium association were necessary parties even though they were "represented" by the association. *See Riddick v. Quail Harbor Condominium Ass'n, Inc.,* 7 S.W.3d 663, 671 – 672 (Tex.App.—Houston [14th Dist.] 1999, no pet. h.).

Because it is clear that the trial court's decision was guided by accepted legal rules and principles, it did not abuse its discretion. Dahl's first issue is overruled.

▪ Likewise, the trial court did not abuse its discretion in its finding that service on the POA as a non-profit corporation does not alleviate the necessity of individual service on the other real property owners. Though Dahl is correct in noting that service on a corporation makes individual service on its shareholders unnecessary, the declaration sought by Dahl reaches far beyond the interest of the corporate POA. While declaring the deed restrictions invalid affects the corporate interest in assessing dues and promulgating deed restrictions., it also affects the real property owners' substantial personal interest in protecting their property values. Since the interests affected by Dahl's suit are both corporate and personal, the trial court did not abuse its discretion in finding the POA and the individual property owners were necessary parties. *See Riddick,* at 672 (holding requirement of individual service not an abuse of discretion even though condominium association was incorporated). Dahl's second issue is overruled.

▪ Even if the trial court did not err in requiring service on all property owners in Spring Branch Estates II, Dahl also argues the trial court abused its discretion by dismissing his challenge to the constitutionality of Section 204 of the Property Code. Dahl argues that the 333 property owners in Spring Branch Estates II are not necessary parties to a challenge to Section 204's constitutionality, making it erroneous for the trial court to dismiss it. While this argument has some appeal, the dismissal of Dahl's underlying claim makes the constitutionality claim non-justiciable. Hostile, adverse parties are necessary to make a claim justiciable. *See City of Euless v. Dallas/Fort Worth Int'l Airport Bd.,* 936 S.W.2d 699, 702 (Tex.App.—Dallas 1996, writ denied). The trial court's dismissal of Dahl's underlying claim deprived the case of parties adverse to Dahl's position, making Dahl's constitutional challenge non-justiciable. Since we find no abuse of discretion in the trial court's dismissal of Dahl's underlying claims, we likewise find no abuse of discretion in its dismissal of this claim without prejudice. We overrule Dahl's complaint on this issue.

The judgment of the trial court is affirmed.

---

1. Though POAs do not need to comply with this section and others in this chapter relating to changing deed restrictions, *see* TEX. PROP. CODE ANN. § 204.005(a) (Vernon Supp.2000), individuals challenging the extension of deed restrictions by POAs may still need to comply with this section in bringing their declaratory judgment actions.