John F. SIMPSON, Appellant,

v.

AFTON OAKS CIVIC CLUB,
INC., et al., Appellees.

No. 06–02–00102–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 27, 2003.

Decided Sept. 10, 2003.

Gary L. Crofford, Law Offices of Gary L. Crofford, Houston, for appellant.

John Bradley Mitchell, Marc D. Markel, Stephanie L. Quade, Roberts, Markel, Guerry, PC, Houston, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice ROSS.

This case involves the establishment of a property owners' association with the right of mandatory dues assessment under the procedures set forth in Chapter 204 of the Texas Property Code. John F. Simpson, a property owner in the Kettering Oaks subdivision, appeals an order granting summary judgment in favor of the Afton Oaks Civic Club, Inc., and Sandra Gorden, a/k/a Sissy Boyd, Christian Seger, and Lois Shanks (collectively Afton Oaks).

In two points of error, Simpson contends: (1) the trial court's granting of summary judgment was improper because Section 204.006 of the Texas Property Code cannot apply to the Kettering Oaks subdivision; and (2) summary judgment was improper because there were genuine issues of material fact as to whether Afton Oaks followed the statutory procedures set forth in Chapter 204 of the Texas Property Code. In one cross-point of error, Afton Oaks contends the trial court lacked subject matter jurisdiction over the underlying suit.

Viewed in the light most favorable to Simpson, the record establishes the following facts. Kettering Oaks is a subdivision in Harris County consisting of fifty-nine residential lots. Before 1999, the lots in Kettering Oaks were restricted by an untitled document filed in 1953 (1953 Restrictions). The 1953 Restrictions did not provide for a mandatory property owners' association, but provided a mechanism to create one. Specifically, under the terms of the 1953 Restrictions, property owners could amend the restrictions every ten years during a specified six-month period.[1] To amend during this decadal six-month window, the restrictions require that the "owners of a majority of the lots" agree on the proposed amendment. No amendments relevant to this case were ever made under this procedure.

In 1955, Afton Oaks organized a property owners' association for the Kettering Oaks subdivision. Membership was voluntary, with no mandatory assessment provision and no lien rights.

In June 1999, Afton Oaks sought to create a mandatory property owners' association with mandatory membership and the authority to establish and collect mandatory assessments. Rather than waiting until the next decadal window to amend the 1953 Restrictions, Afton Oaks utilized the procedures provided by Chapter 204 of the Texas Property Code.[2] Afton Oaks established a petitioning committee, as required by the statute. The petitioning committee's sole purpose was to create and operate a property owners' association with

1. The provision states:

The then owners of a majority of the lots affected by the restrictions ... may, by written instrument executed and filed of record not more than six months prior to March 1, 1976, or executed and filed of record not more than six months prior to March 1st of any ten year period after March 1, 1976, change these restrictions covenants and conditions in whole or in part as to all of said property or as to any part thereof.

2. TEX. PROP.CODE ANN. § 204.006 (Vernon Supp.2003) provides:

(a) If existing restrictions applicable to a subdivision do not provide for a property owners' association and require approval of more than 60 percent of the owners to add to or modify the original dedicating instrument, a petition to add to or modify the existing restrictions for the sole purpose of creating and operating a property owners'

association with mandatory membership, mandatory regular or special assessments, and equivalent voting rights for each of the owners in the subdivision is effective if:

(1) a petition committee has been formed as prescribed by Section 201.005;

(2) the petition is approved by the owners, excluding lienholders, contract purchasers, and the owners of mineral interests, of at least 60 percent of the real property in the subdivision; and

(3) the procedure employed in the circulation and approval of the petition to add to or amend the existing restrictions for the specified purpose complies with the requirements of this chapter.

(b) If the circulated petition is not approved by the required percentage of owners within one year of the creation of the petition committee, the petition is void and another petition committee may be formed.

(c) If the petition is approved, the petition is binding on all properties in the subdivision or section, as applicable.

mandatory membership and the authority to establish and collect mandatory assessments.

In May 2000, Afton Oaks filed a petition with the Real Property Records of Harris County bearing the purported signatures of the owners of thirty-eight of the fifty-nine lots in Kettering Oaks. The effect of the petition was to amend the 1953 Restrictions and create a property owners' association with mandatory membership and the authority to establish and collect mandatory assessments.

Simpson filed the underlying suit under both the Declaratory Judgments Act of the Texas Civil Practice and Remedies Code and Section 201.010 of the Texas Property Code asking the trial court: (1) to declare the petition amending the 1953 Restrictions null and void; (2) to issue a permanent injunction against Afton Oaks prohibiting them from establishing, collecting, or attempting to collect assessments against property in Kettering Oaks in reliance on the amending petition; and (3) to grant a money judgment against Afton Oaks for assessments wrongfully collected.

The trial court granted summary judgment in favor of Afton Oaks, and Simpson appeals.

In its cross-point of error, Afton Oaks contends the trial court lacked subject matter jurisdiction. Because this issue is dispositive, we address jurisdiction first.

■■■ Afton Oaks raises the issue of jurisdiction for the first time on appeal. A party may bring a matter to the attention of the court for the first time on appeal only when fundamental error exists. *Elbar, Inc. v. Claussen*, 774 S.W.2d 45, 52 (Tex.App.-Dallas 1989, writ dism'd). Because jurisdiction is considered fundamental, raising the issue does not demand compliance with the usual requirements of preservation of the error or briefing of the

point and argument. *See, e.g., Nuchia v. Woodruff,* 956 S.W.2d 612, 616 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). Subject matter jurisdiction may not be waived by the parties and may be raised for the first time on appeal. *Gorman v. Life Ins. Co.,* 811 S.W.2d 542, 547 (Tex. 1991); *Nuchia,* 956 S.W.2d at 616. Afton Oaks, therefore, did not waive its claim for lack of subject matter jurisdiction by not raising this issue at the trial court level.

Afton Oaks asserts the trial court lacked subject matter jurisdiction over Simpson's declaratory judgment suit because he did not join all necessary parties as required by Tex. Civ. Prac. & Rem.Code Ann. § 37.006(a) (Vernon 1997) and by Tex. Prop.Code Ann. § 201.010(b) (Vernon 1995).

The Declaratory Judgments Act states: "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a). The Texas Supreme Court has held that failure to comply with the mandate of Section 37.006(a) to join all persons who have an interest in the suit does not "uniformly" constitute a jurisdictional defect. *Clear Lake City Water Auth. v. Clear Lake Utils. Co.,* 549 S.W.2d 385, 390 (Tex.1977). Specifically, the Texas Supreme Court in *Clear Lake City Water Authority* rejected any construction of the Declaratory Judgments Act that would make the decision of the trial court to proceed in the absence of a party whose interests could be affected by the declaration fundamental error in all cases. The court reasoned that such a strict jurisdictional requirement would unduly limit the availability of relief between the parties already joined and would be contrary to the dictate that the Declaratory Judgments Act be liberally construed. *Id.*

But the Texas Supreme Court in *Clear Lake City Water Authority* did not eliminate fundamental jurisdictional error in those cases where a judgment rendered in the absence of certain parties clearly prejudices the absent parties' rights. *Id.; see also Sage St. Assocs. v. Fed. Ins. Co.,* 43 S.W.3d 100, 104 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (reviewing *Clear Lake City Water Authority* and concluding absence of indispensable parties can defeat trial court's subject matter jurisdiction). Absence of parties in some circumstances under Section 37.006, therefore, can divest a trial court of its subject matter jurisdiction. In this case, we must decide whether a declaratory judgment rendered in the absence of the other property owners in Kettering Oaks would clearly prejudice the unjoined property owners' rights and interests. If we conclude it does, then the trial court is without subject matter jurisdiction.

This is not the first time this Court has addressed this issue. *See Caldwell v. Callender Lake Prop. Owners Improvement Ass'n,* 888 S.W.2d 903 (Tex.App.-Texarkana 1994, writ denied). In *Caldwell,* the property owners of a subdivision had voted to increase their homeowners' dues before the lawsuit. *Id.* at 905. Caldwell and Burnett, two of the 900 owners in the subdivision, filed suit for declaratory judgment, alleging deed restrictions controlled and the election raising the maintenance fees was unlawful. *Id.* The association counterclaimed, asking the court to declare the amended restrictions were lawful. *Id.* The trial court dismissed Caldwell and Burnett's petition as a sanction, but granted the association's counterclaim for declaratory relief. *Id.* at 906. Caldwell and Burnett appealed, challenging the trial court's jurisdiction under Section 37.006 because all property owners were not joined. In *Caldwell,* we concluded that the other property owners were not necessary

parties and that their absence did not divest the trial court of its jurisdiction. *See id.* at 907. We determined complete relief could be accorded to the parties without affecting the nonjoining property owners' rights. *Id.*

■ *Caldwell,* however, can be distinguished from this case. In *Caldwell,* the trial court's declaration simply confirmed the association's position before the suit— that the election to raise the maintenance fees was valid. In other words, no new rights were adjudicated with respect to the nonjoining property owners. The declaratory judgment only confirmed the validity of the association's presuit position and did not infringe on any rights of the nonjoining owners. Here, however, a declaratory judgment would have a different effect. Specifically, a declaratory judgment granted in Simpson's favor would nullify the mandatory property owners' association, effectively changing the rights and interests of each property owner. Such action would clearly prejudice the nonjoining property owners' rights and obligations. Because the nonjoining parties' rights and obligations would be clearly prejudiced, we conclude they are indispensable parties to the suit and their absence divests the trial court of its subject matter jurisdiction.

Likewise, Section 201.010(b) of the Property Code provides that "a suit for a declaratory judgment must name all other owners of property in the subdivision as defendants, either as individuals or as members of a class." It is clear that not all owners of property in Kettering Oaks are parties to this suit. Simpson asserts they were all named as members of a class. However, the record does not show Simpson was certified as a class representative or that the trial court conducted any hearings on class certification in accor-

dance with Rule 42 of the Texas Rules of Civil Procedure.

Several cases have held that all real property owners in a community must be individually made parties in a case that affects the substantial rights of all real property owners in that community. *See Dahl v. Hartman,* 14 S.W.3d 434, 436 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (upholding trial court's dismissal for want of jurisdiction because all property owners within subdivision were not made parties in appellant's declaratory judgment suit); *Letsos v. Katz,* 489 S.W.2d 317, 319 (Tex.Civ.App.-Houston [1st Dist.] 1972, no writ) (concluding when owners within subdivision create restrictions, each property owner is indispensable party to suit because of their common interests); *see also Riddick v. Quail Harbor Condominium Ass'n,* 7 S.W.3d 663, 672 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (holding all members of condominium association were necessary parties in declaratory action even though they were "represented" by association).

Finally, there is sound policy behind the mandatory joinder rules. These provisions are designed to avoid a multiplicity of suits, since a declaratory judgment does not prejudice the rights of a person not a party to the proceeding. *See Dahl,* 14 S.W.3d at 436. Although this might be an onerous burden in some cases, there seems to be no alternative for those who seek declaratory judgment relief but to join all those persons "who have or claim any interest that would be affected by the declaration...." TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a).

Because we conclude the other property owners are necessary parties to the underlying action and were not joined, we hold the trial court was without jurisdiction. Therefore, this Court is without jurisdic-

tion and the appeal is dismissed without prejudice.