**John F. SIMPSON, Petitioner,**

v.

**AFTON OAKS CIVIC CLUB, INC., Respondent.**

No. 03–1016.

Supreme Court of Texas.

Sept. 3, 2004.

Gary L. Crofford, Law Offices of Gary L. Crofford, Houston, for Petitioner.

Marc D. Markel, John Bradley Mitchell, Roberts Markel & Guerry, LLP, Stephanie Lee Quade, Roberts Markel & Folger, Houston, for Respondent.

PER CURIAM.

In this case, the petitioner, John Simpson, raised several issues in the court of appeals and in this Court. The court of appeals dismissed the case for want of jurisdiction, concluding that the trial court lacked subject matter jurisdiction over Simpson's action because he failed to join all property owners in his subdivision in his underlying declaratory judgment action. 117 S.W.3d 480, 484. In light of our opinion in *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex.2004), we reverse the court of appeals' judgment and remand to the court of appeals to consider Simpson's other issues.

Kettering Oaks is a Harris Country subdivision consisting of fifty-nine residential lots restricted by an untitled document filed in 1953. The original restrictions did not provide for a mandatory homeowners association. In June 1999, pursuant to Chapter 204 of the Texas Property Code, Afton Oaks sought to create a mandatory property owners' association with mandatory assessments and membership requirements. Afton Oaks, following the procedures set forth in chapter 204, established a petitioning committee and circulated a petition. In May 2000, Afton Oaks filed the petition (which bore the requisite signatures) in the real property records of Harris County. The petition amended the original restrictions and created a homeowners association with mandatory membership and the authority to establish and collect mandatory assessments.

Simpson, a Kettering Oaks homeowner, sued Afton Oaks. Simpson alleged that the petition was null and void and sought: (1) a permanent injunction against Afton Oaks preventing it from creating a mandatory assessment in Kettering Oaks, and (2) judgment against Afton Oaks for assessments wrongfully collected. The trial court granted Afton Oaks's motion for summary judgment. Simpson appealed, and the court of appeals dismissed the action for lack of subject matter jurisdiction, holding that "the other property owners [were] necessary parties to the underlying action and were not joined." 117 S.W.3d at 484.

As in *Brooks,* Afton Oaks raised its jurisdictional argument for the first time on appeal. *See Brooks,* 141 S.W.3d at 160. In *Brooks,* we noted that a declaratory judgment action against a property owners' association would not prejudice the rights of the other property owners because unjoined owners would not be bound by the suit, and nothing prevented the trial court from rendering complete relief to those parties before it. *Id.* If the homeowners association were exposed to multiple suits, that was the result of its own inaction; the association could have "sought relief at trial by urging the court, among other things, to abate the case, join absent homeowners, or grant special exceptions." *Id.* at 163. We rejected the notion that fundamental error excused the homeowner's association from bringing the issue to the trial court's attention. We held that the homeowners association waived any objection by challenging jurisdiction for the first time on appeal. *Id.*

*Brooks* governs the case at bar. Therefore, without hearing oral argument, we grant Simpson's petition for review, reverse the court of appeals' judgment dismissing the case for want of jurisdiction, and remand to the court of appeals to consider the merits of Simpson's appeal. *See* Tex.R.App. P. 59.1, 60.2(d).