**John F. SIMPSON, Appellant,**

v.

**AFTON OAKS CIVIC CLUB, INC., et al., Appellees.**

**No. 06–02–00102–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 7, 2004.

Decided Jan. 20, 2005.

Rehearing Overruled Feb. 15, 2005.

Gary L. Crofford, Law Office of Gary L. Crofford, Houston, for Appellant.

---

John Bradley Mitchell, Marc D. Markel, Roberts, Markel, Guerry, PC, Stephanie L. Quade, Houston, for Appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

The issue is whether a voluntary property owners' association lawfully amended the deed restrictions in the subdivision to establish a mandatory property owners' association with the right to establish and collect mandatory assessments. On our first consideration of this appeal, we dismissed the appeal because the other property owners were necessary parties to the action and were not joined. *Simpson v. Afton Oaks Civic Club, Inc.,* 117 S.W.3d 480, 484 (Tex.App.-Texarkana 2003). The Texas Supreme Court reversed, noting that Afton Oaks had not complained about the absence of the other property owners at the trial court level and reasoning that, if the property owners' association was exposed to multiple suits, that was because of its own inaction, and therefore remanded the case to this Court to consider the merits of the appeal. *Simpson v. Afton Oaks Civic Club, Inc.,* 145 S.W.3d 169 (Tex.2004).

John Simpson, a Kettering Oaks homeowner, sought a declaratory judgment that the petition amending the restrictions was void. He also asked the court to issue an injunction prohibiting Afton Oaks from attempting to collect assessments in reliance on that petition and sought a monetary judgment for assessments wrongfully collected. The court rendered a summary judgment in favor of Afton Oaks. Simpson appeals.

The initial and dispositive question is whether the subdivision could use the procedures set out by TEX. PROP.CODE ANN. § 204.006 (Vernon Supp.2004–2005) to amend the restrictions—when the deeds provided a different, and specific, procedure to be followed in making such an amendment.

The Code provides that, if (1) existing restrictions do not provide for a property owners' association, and (2) require approval of more than sixty percent of the owners to modify the original dedicating instrument, then a petition to add to or modify the existing restrictions for the sole purpose of creating and operating a property owners' association with mandatory membership, mandatory or special assessments, and equivalent voting rights for each of the owners is effective (if several other conditions are also met).

Afton Oaks is confronted with a single, insurmountable problem. Even assuming the dedicating instrument does not provide for a property owners' association, its terms provide that to amend the restrictions requires only a simple majority—not more than sixty percent. Thus, the second part of the statute is not satisfied, and it will not support the petition filed in this case.

Afton Oaks suggests that, because a specific window for amendments is set out by the dedicating document—six months every ten years—the procedures in the Code should take the place of the procedures set out by the restrictions and allow amendment at any time as permitted by the Code. There is no support for this position either in caselaw or the Code. In fact, the Code specifically states otherwise. Section 204.003 provides that, if the document creating restrictions contains an express designation setting out procedures to follow in amending or modifying those existing restrictions—the document prevails over the provisions of the Code. TEX. PROP.CODE ANN. § 204.003 (Vernon Supp.2004–2005);

see *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 167 (Tex.2004).

There is no suggestion or argument from any source that the procedures used by Afton Oaks meet the requirements of the restrictions. Afton Oaks simply dislikes the time window limiting its options and thus seeks judicial approval to ignore it in favor of a statute that it finds more palatable.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex.2002); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999).

In this case, the undisputed summary judgment evidence was that the restrictions provided an express method for amendment and that Afton Oaks did not amend the restrictions according to that procedure. Because of our resolution of this issue, we need not address the validity of the signatures on Afton Oaks' petition to amend the restrictions.

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.