**In re G. Christian CORCORAN and Peggy Corcoran, Relators.**

**No. 14–10–01208–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 31, 2011.

Marc J. Wojciechowski, Spring, Malcolm
Deon Dishongh, Spring, for Relators.

Kimberly M. Spurlock, Humble, Jeffrey D. Roberts, Houston, Courtney Lea Culver Schaefer, Houston, for Real Party in Interest.

Panel consists of Justices BOYCE, CHRISTOPHER, and JAMISON.

## OPINION

TRACY CHRISTOPHER, Justice.

In this original proceeding, G. Christian Corcoran and Peggy Corcoran, relators, seek a writ of mandamus ordering respondent, the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, Texas, to vacate his order signed December 6, 2010, granting the motion to abate filed by third-party defendant Atascocita Community Improvement Association ("ACIA"). We conditionally grant the writ.

Real Parties in Interest Cynthia Rose Jones and Charles Rodney Jones filed suit for damages and an injunction against their neighbors, the Corcorans. The Corcorans filed a counterclaim against the Joneses as well as a third-party action against ACIA. ACIA moved to abate for joinder of all homeowners within the subdivision. The Joneses then requested joinder of homeowners in six additional subdivisions governed by ACIA. The trial court granted the motion to abate and ordered joinder of "all persons owning residential real property subject to the governance of [ACIA] ..." The Corcorans contend the trial court's order was an abuse of discretion. We agree.

The underlying suit arises from the construction of a basketball court and batting cage on the Jones's property. The Architectural Control Committee ("ACC") denied approval to construct the court. The Joneses appealed to ACIA and permission was granted to build the court. The basketball court, with lighting, was completed in 2009. The Joneses also constructed a batting cage.

Joinder of the other homeowners was sought pursuant to Rule 37.006(a) of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 39(a). *See* Tex. Civ. Prac. & Rem.Code § 37.006(a) (West 2008); Tex.R. Civ. P. 39(a). In their third-party action against ACIA, the Corcorans seek a declaratory judgment.[1] Rule 37.006(a) provides that "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding." Tex. Civ. Prac. & Rem.Code § 37.006(a). Whether a trial court has authority to proceed without joining a person whose presence is required by the Declaratory Judgment Act is determined under Rule 39. *See Brooks v. Northglen Association,* 141 S.W.3d 158, 162 (Tex.2004).

We first decide whether the other homeowners have an interest that would be affected by the declaratory relief sought. Appellants seek a declaratory judgment

---

1. "Corcoran seeks a declaration that the Association does not have the authority to override or circumvent decisions of the ACC with regards to its Board's Court Approval pursuant to any one or more, singularly or collectively, of the following: (1) the Architectural Guidelines and Procedures dated January 16, 1992; (2) the Architectural Guidelines and Procedures dated May 6, 1997; (3) Article VIII, Section 4 of the Declarations; (4) Texas Property Code § 204.011(c); (5) the Association's Articles of Incorporation, Article IV, Section (3); and (6) the Association's By–Laws, Article VI, Section 1(a) & (f) and Section 2(b)." "Court Approval" is defined in their counterclaim as the approval of the Jones's basketball court.

that ACIA did not have the authority to override the ACC's decision regarding approval of the Jones's basketball court. The relief sought by appellants is limited to ACIA's decision not to enforce an existing deed restriction in a specific instance.

■ An action for declaratory judgment that is a suit against a homeowner to enforce compliance with a deed restriction does not implicate the rights of other homeowners. *Cf. April Sound Management Corp. v. Concerned Property Owners for April Sound, Inc.,* 153 S.W.3d 519, 526 (Tex.App.-Amarillo, no pet.) ("This action for declaratory judgment is not a suit against a lot owner to enforce compliance with one or more lot restrictions which would not implicate rights of other lot owners."). A declaration regarding ACIA's authority to override the ACC's decision denying permission to a particular homeowner for the construction of a particular basketball court will not affect the rights of other homeowners. *Cf. Caldwell v. Callender Lake Prop. Owners Improvement Ass'n,* 888 S.W.2d 903, 907 (Tex. App.-Texarkana 1994, writ denied) (there were no new rights to be adjudicated with respect to the non-joining lot owners because they had already voted to raise fees and the declaratory judgment only confirmed the election to raise fees was valid); *Dahl v. Hartman,* 14 S.W.3d 434, 436–37 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (the invalidation of deed restrictions would affect the property interests of all real property owners in the community); *Riddick v. Quail Harbor Condominium Ass'n, Inc.,* 7 S.W.3d 663, 673 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (all lot owners would have an interest in suit because their maintenance fees would be used to pay appellant's damages). Accordingly the presence of all homeowners

in seven subdivisions in this suit is not required under Rule 37.006(a).

We further note that when the trial court is not prevented from rendering complete relief to the parties before it, the rights of the other property owners are not prejudiced by a declaratory judgment action against a property owners' association because un-joined owners would not be bound by the suit. *See Simpson v. Afton Oaks Civic Club, Inc.,* 145 S.W.3d 169, 170 (Tex.2004) (citing *Brooks,* 141 S.W.3d at 160). In this case nothing precludes the trial court from rendering complete relief between the parties to the suit. *See Wilchester West Concerned Homeowners LDEF, Inc. v. Wilchester West Fund, Inc.,* 177 S.W.3d 552, 559–60 (Tex. App.-Houston [1st Dist.] 2005, pet. denied) (the failure to join all property owners affected by a restrictive covenant did not deprive the trial court of jurisdiction where nothing prevented the trial court from rendering complete relief between the parties and the rights of any person not a party to the suit would not be prejudiced by the declaratory judgment); and *Indian Beach Property Owners' Ass'n v. Linden,* 222 S.W.3d 682, 698 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

This action for declaratory judgment is brought in a suit to enforce compliance with a deed restriction which would not implicate rights of other homeowners. Accordingly, joinder of all other homeowners subject to ACIA is not required.

■ Ordinarily, a trial court has great discretion regarding joinder of third parties. *See In re Arthur Andersen, L.L.P.,* 121 S.W.3d 471, 483 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). "However, mandamus relief is appropriate if the trial court abuses that discretion." *Id.* In this case, ordering joinder of all homeowners from seven subdivisions will

delay the trial and greatly increase costs.[2] The increased costs are significant enough to place the Corcorans in danger "of succumbing to the burden of litigation." *See In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 136 (Tex.2004). The trial court's order has " 'radically skew[ed] the procedural dynamics of the case.' " *Id.* (quoting *Travelers Indem. Co. of Connecticut v. Mayfield,* 923 S.W.2d 590 (Tex. 1996)). Under the circumstances presented in this case, we conclude the benefits to mandamus review are not outweighed by the detriments and relators have no adequate remedy by appeal. *Id.*

We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its order signed December 6, 2010. The writ will issue only if the trial court fails to act in accordance with this opinion.

**2.** The parties dispute the exact number of persons to be served. ACIA submitted a proposed order listing approximately 1,562 homes in the Pinehurst subdivision, with 20 percent having multiple owners. The parties agree there are approximately 2,500 homes in all subdivisions under ACIA's authority for a total number of owners ranging from 2,500 to 3,000 or more. The Harris County District Clerk assesses a citation fee of $8.00 and Harris County Precinct 4 charges a service fee of $65.00, for a total of $182,500 to $219,000 in additional costs.