COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| In re: OCCIDENTAL WEST TEXAS OVERTHRUST, INC. and OXY USA INC., | § | No. 08-20-00130-CV |
| | § | AN ORIGINAL PROCEEDING |
| Relators. | § | IN MANDMAUS |

# **O P I N I O N**

In this mandamus proceeding, Relators Occidental West Texas Overthrust, Inc. ("Occidental West") and Oxy USA Inc. (collectively, "Oxy"), the defendants below, challenge the trial court's denial of their plea to the jurisdiction and, in the alternative, motion to abate the proceedings pursuant to TEX.R.CIV.P. 39(a).

We find that Oxy has failed to demonstrate the lack of an adequate appellate remedy as to its plea to the jurisdiction, and has failed to establish an abuse of discretion as to its Rule 39(a) motion to abate. We therefore hold that Oxy is not entitled to mandamus relief.

## I.    BACKGROUND

This case involves various claims related to twelve oil and gas leases located in Pecos County, Texas.[1] Real Party in Interest Longfellow Ranch Partners, LP ("Longfellow") owns or

---

[1] Although the live petition identifies fifteen leases, the parties agree that three of the leases have terminated and were released by Oxy shortly after suit was filed.

leases all or a portion of the surface interests in the land subject to the leases, and also owns mineral interests under four of the leases. Occidental West is the current lessee and operator under all of the leases.

Longfellow brought various claims against Oxy, including requests for declaratory relief regarding the automatic termination of the leases pursuant to their express terms.[2]

Oxy filed a plea to the jurisdiction and, alternatively, motion to abate to add necessary parties, arguing that Longfellow lacked standing to assert claims for declaratory relief arising out of eleven leases in which Longfellow owned only surface, not mineral, rights (the "Surface Leases"), and also re-urging arguments Oxy had unsuccessfully raised previously regarding Longfellow's standing to assert claims arising out of leases under which the mineral rights were owned by the State of Texas and leased by Longfellow, the surface owner, as the State's agent under the Relinquishment Act (the "State Leases"). TEX.NAT.RES.CODE ANN. § 52.190.[3] In the alternative, Oxy argued that several of Longfellow's claims should be abated pursuant to Texas Rule of Civil Procedure 39(a) to add all owners of royalty interests in the Surface Leases; all owners of working interests in the Surface Leases; all owners of overriding royalty interests ("ORRI") in the Surface Leases; and the State of Texas as necessary parties to the case. In support of its motion to abate, Oxy provided an affidavit from its land manager that stated the number of additional interest holders associated with each lease, but did not provide any identifying

---

[2] In addition to its claims for declaratory relief, Longfellow's second amended petition also includes claims for breaches of various leases; breaches of controlling statutes/negligence per se; trespass; breaches of the implied duty to develop and failure to act as a reasonably prudent operator; a request for an accounting; attorney fees; and indemnification.

[3] Oxy had filed a previous plea to the jurisdiction and a motion for partial summary judgment challenging Longfellow's standing to assert claims arising out of five State Leases. The plea and summary-judgment motion were both denied.

information for any such interest holder other than the State. After a hearing, the trial court denied the plea to the jurisdiction and motion to abate.

Two months later, Oxy filed a "renewed and supplemental" plea to the jurisdiction and motion to abate, this time requesting abatement of *all* of Longfellow's claims (including claims under three leases that were not included in its prior motion), and attaching a list of the names of dozens of purported interest holders that it contended were necessary parties, categorized by "interest type" (i.e., royalty interest, working interest, or ORRI) based on Oxy's own records. After a hearing, the trial court denied the renewed and supplemental plea to the jurisdiction and motion to abate. Oxy filed a motion for permission to file an interlocutory appeal, which was also denied.

Oxy filed a petition for writ of mandamus, complaining that the trial court abused its discretion by denying its plea to the jurisdiction and its motion to abate.

## II. MANDAMUS

Mandamus relief is only available when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004)(orig. proceeding). A trial court abuses its discretion if its decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005)(orig. proceeding).

In evaluating whether an appeal will be an adequate remedy, an appellate court must balance jurisprudential considerations that include the distraction, expense, and delay associated with interfering in trial court proceedings on one hand, and the preservation of important substantive and procedural rights on the other. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 136 (Tex. 2004)(orig. proceeding). An appellate remedy is not inadequate merely because it involves greater expense or delay. *Id.*; *In re Entergy Corp.*, 142 S.W.3d at 321 ("[T]he possibility

3

that Entergy will be forced to endure the 'hardship' of a full-blown trial if we decline to issue a writ of mandamus is, in itself, not sufficient to dictate mandamus relief."); *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992)("[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ."). Rather, incidental trial court rulings can only be corrected by mandamus in extraordinary situations. *In re Entergy*, 142 S.W.3d at 321 (mandamus available "not merely because inaction would have caused hardship to the parties, but because special, unique circumstances mandated the Court's intervention").

## III. DISCUSSION

We hold that Oxy has failed to establish that it is entitled to mandamus relief. Oxy has failed to show that the denial of its plea to the jurisdiction presents an extraordinary situation for which remedy by appeal is inadequate, and has also failed to establish that the trial court abused its discretion by denying its motion to abate.

### A. Plea to the Jurisdiction

Oxy contends that Longfellow does not have standing to seek declaratory relief regarding the termination of nine of the twelve leases, thereby depriving the trial court of subject matter jurisdiction over those claims, and that therefore the trial court abused its discretion by denying its plea to the jurisdiction as to those claims. Oxy does not challenge standing as to any other claims brought by Longfellow.

We hold that Oxy is not entitled to mandamus relief for the trial court's denial of its plea to the jurisdiction because it has failed to demonstrate that it lacks an adequate remedy by appeal. Absent an extraordinary situation, mandamus will not issue to correct a trial court's denial of a plea to the jurisdiction, as an appeal will generally be an adequate remedy. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990)(per curiam)(noting adequacy of appellate remedy for pleas to

4

the jurisdiction "[even if] it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled"). Examples of extraordinary situations that may warrant mandamus relief include when another court or an administrative agency has exclusive jurisdiction over a dispute, such that "judicial appropriation of [the other court or agency's] authority would be a clear disruption of the orderly processes of government;" or when a party is "in real danger of permanently losing its substantial rights." *In re Entergy Corp.*, 142 S.W.3d at 321 [Internal citation and quotation marks omitted]; *In re Prudential*, 148 S.W.3d at 141.

Oxy asserts that an appellate remedy would be inadequate because proceeding with litigation would potentially result in a waste of time and money. However, Oxy has made no showing that this case involves any sort of extraordinary situation that would deprive it of an adequate remedy by appeal.[4] Accordingly, mandamus is not available to address the trial court's denial of Oxy's plea to the jurisdiction. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d at 375.

Because Oxy has failed to demonstrate that it lacks an adequate remedy by appeal, we need not address whether the trial court abused its discretion in denying Oxy's plea to the jurisdiction. *See id.*[5]

### B. Rule 39 Motion to Abate

Oxy also argues that all interest owners in all of the leases at issue in this case must be joined as parties because their various interests may be affected by the outcome of the lawsuit.

---

[4] Moreover, because Oxy's plea does not challenge any claim arising out of the remaining three leases at issue in the case, nor any claims aside from declaratory relief under any of the leases, the case would still be able to proceed on the remaining claims even if the plea were to be granted.

[5] We do note, however, that the trial court's decision was rendered after multiple evidentiary hearings, and the record reflects that questions of fact precluded Oxy's plea from being granted as a matter of law.

Oxy contends that the joinder of these nonparties is mandatory, and that the trial court thus abused its discretion by not requiring Longfellow to join them in the lawsuit.

In response, Longfellow asserts that Oxy failed to adequately identify the nonparties that it claims to be necessary parties to the lawsuit, and also failed to sufficiently establish the nature and extent of the nonparties' interest that would mandate their joinder.

We agree with Longfellow.

Assuming without deciding that Oxy would not have an adequate remedy by appeal on this issue, we find that Oxy has failed to establish that the trial court was required to abate the case and order joinder as a matter of law.[6] Accordingly, we find that the trial court's decision was within its broad discretion.

Texas Rule of Civil Procedure 39(a) provides that a nonparty who is subject to service of process "shall be joined" as a necessary party to the suit if either (1) complete relief cannot be accorded among the parties in the nonparty's absence, or (2) the nonparty claims an interest in the subject of the action, such that a disposition in its absence may impair the ability to protect its interest, or may render any of the existing parties subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [the nonparty's] claimed interest." TEX.R.CIV.P. 39(a).

Trial courts have "great discretion" with regard to the joinder (and non-joinder) of third parties. *In re Corcoran*, 401 S.W.3d 136, 139 (Tex.App.—Houston [14th Dist.] 2011, orig. proceeding). There is "no arbitrary standard or precise formula" governing Rule 39's application. *Cooper v. Texas Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974).

---

[6] *See In re Boyaki*, 587 S.W.3d 479, 482 (Tex.App.—El Paso 2019, orig. proceeding)(Court conditionally issued mandamus for improper joinder under Rule 39(a) without addressing issue of whether mandamus relief was appropriate or appellate remedy was inadequate).

As the moving party before the trial court, Oxy had the burden to show that the parties it claimed to be necessary were, in fact, necessary under Rule 39. *See, e.g., Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex.App.—Corpus Christi 1991, writ denied)("The law is well settled that a party who urges a plea in abatement has the burden of proving by a preponderance of the evidence at the hearing on the plea the facts that are alleged in the plea . . . ."). Similarly, on mandamus review, it is Oxy's burden to establish that the trial court abused its discretion. Because the existence of necessary parties under Rule 39 is an evidentiary issue for the trial court, in order to succeed on mandamus, Oxy must show that the evidence before the trial court dictated only one possible outcome as a matter of law. We find that Oxy has failed to meet its burden.

Oxy insists that the Texas Supreme Court's opinion in *Royal Petroleum Corp. v. Dennis*, 332 S.W.2d 313 (Tex. 1960) "conclusively establishes" that all royalty interest owners, working interest owners, and ORRI owners are always necessary parties to a lawsuit seeking a declaration that a lease has terminated, as a matter of law, and that trial courts therefore have no discretion to refuse to add them. We are not persuaded that *Royal Petroleum's* holding extends quite as far as Oxy would have us believe. In *Royal Petroleum*, the Court found that certain royalty interest owners whose interests were dependent on continued production were necessary parties to the case before it. 332 S.W.2d at 315-16. But the Court also confirmed that, in matters of joinder, the trial court's discretion should rarely be disturbed: "It is generally true that in matters of joinder and misjoinder of parties, the trial courts have a broad discretion. In the situation presently presented where the question is close and admits of some doubt, we see no valid reason why this general rule should not apply in the interest of a prompt disposition of interlocutory questions." *Id*. at 317.

Mandatory joinder under Rule 39 requires the moving party to show, through objective "record evidence," that each of the claimed necessary parties has an *actual, claimed interest*—not

just a potential interest—in the subject matter of the action. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 913 (Tex. 2017)("Rule 39 does not require joinder of persons who potentially could claim an interest in the subject of the action; it requires joinder, in certain circumstances, of persons who actually claim such an interest."). Additionally, a plea in abatement based on nonjoinder "should show definitely and specifically the nature and extent of the interest of such person who is claimed to be a necessary party," and must "give the court definite allegations as to the parties and the interests claimed by them." *Stanolind Oil & Gas Co. v. State*, 133 S.W.2d 767, 771 (Tex. 1939).

For example, in *Crawford*, the Texas Supreme Court held that joinder was not required for adjacent landowners who had been receiving royalty payments from the defendant operator for the mineral interests at issue in the lawsuit, because there was no record evidence to establish that the adjacent landowners had actually claimed any interest in the lawsuit's subject matter "by virtue of their deeds and leases." 509 S.W.3d at 912. By contrast, the Amarillo court of appeals upheld the mandatory joinder of nonparties who had each been identified by name; county of residence; and recording date, volume, and page number of each respective deed where the interests had been recorded, and where the defendant also presented evidence including "patents, deeds, and other instruments constituting a complete chain of title[.]" *Belt v. Texas Co.*, 175 S.W.2d 622, 623 (Tex.Civ.App.—Amarillo 1943, writ ref'd).

The only evidence that Oxy has provided to support its claim is the affidavit of its land manager, with the attached list of interest holders' names from Oxy's own records.[7] A mere list of names from a party's own internal records, without more (e.g., further details regarding the nature

---

[7] *See In re Corcoran*, 401 S.W.3d 136, 139-40 (Tex.App.—Houston [14th Dist.] 2011, orig. proceeding)(holding that joinder of all homeowners from seven subdivisions in a suit to enforce compliance with a deed restriction was improper because it would delay the trial and increase costs so significantly as to place the plaintiffs in danger of "succumbing to the burden of litigation," thereby radically skewing the procedural dynamics of the case).

of each nonparty's actual, claimed interests; citations to deed records; and/or documents evidencing chain of title), does not constitute sufficient objective "record evidence" to establish these nonparties' actual, claimed interests in the subject matter of this suit as a matter of law. Oxy does not point to anything else in the record that would objectively establish the existence or nature of these claimed interests.

Because the evidence presented by Oxy did not rise to the level of establishing that the joinder of these nonparties was mandatory as a matter of law, the trial court could have found that the evidence before it was insufficient to order joinder under Rule 39, and could have denied Oxy's motion as a matter of discretion. Oxy has not shown that the trial court abused its discretion, and therefore is not entitled to mandamus relief. [8]

### C. Motion to Reconsider Stay

On February 12, 2021, Longfellow filed a motion to reconsider this Court's ruling granting a temporary stay of trial court proceedings pending resolution of this mandamus action. In light of our ruling herein, we deny Longfellow's motion as moot.

## IV. CONCLUSION

We hold that the trial court did not abuse its discretion by denying Oxy's plea to the jurisdiction or Rule 39 motion to abate.

The petition for writ of mandamus is denied.

May 24, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[8] However, as the Texas Supreme Court noted in *Crawford*, if Oxy is truly concerned about the risk of being subjected to inconsistent obligations, there is "no impediment" to Oxy bringing these nonparty interest holders into the lawsuit itself under Texas Rule of Civil Procedure 37. 509 S.W.3d at 914.

9