

# NUMBER 13-21-00344-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHRISTOPHER S. KAPPMEYER
## AND ROXANA P. KAPPMEYER

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

On October 11, 2021, relators Christopher S. Kappmeyer and Roxana P.

Kappmeyer filed a petition for writ of mandamus through which they assert that the trial

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

court erred by requiring the relators to join and serve all property owners in Units-1-5 of Key Allegro Estates in the underlying lawsuit.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Key Allegro Canal and Homeowners Association, Inc., and the applicable law, is of the opinion that the relators have not met their burden to obtain relief. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004) ("Northglen could have sought relief at trial by urging the court, among other things, to abate the case, join absent

homeowners, or grant special exceptions); *In re Corcoran*, 401 S.W.3d 136, 138–40 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (collecting and discussing cases regarding when the joinder of additional property owners is required). Accordingly, we lift the stay previously imposed in this original proceeding. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus. *See id.* R. 52.8(a), (d).

JAIME TIJERINA
Justice

Delivered and filed on the
30th day of November, 2021.