**Sally Ann MAYFIELD, Francisco R. Maislos, Julia Maislos, Henri A. Wuyts, and Susan K. Wuyts, Appellant,**

v.

**SAN JACINTO SAVINGS ASSOCIATION, Appellee.**

**No. C14–89–591–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 22, 1990.

Rehearing Denied April 12, 1990.

**120**

Michael C. O'Connor, Houston, for appellant.

John Roberson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

**PAUL PRESSLER, Justice.**

This appeal concerns the application of the statute of limitations to usury claims. In separate transactions, each of the three sets of appellants borrowed funds from the appellee for home improvements. The loans were repayable in monthly installments and were secured by second liens on the borrowers' residences. Each of the appellants prepaid their notes prior to the time the respective loans matured. Subsequently, each appellant filed suit against the appellee claiming that the interest charged and collected in connection with the loans was usurious. The appellants claimed that the appellee had violated TEX. REV.CIV.STAT.ANN. art. 5069–5.02(1) by placing the loans' principal into escrow accounts to be disbursed directly to the home improvement contractors as needed, while computing interest on the full loan amount.

The appellee filed a Motion for Summary Judgment asserting that the various claims were barred by the applicable statute of limitations. The appellants responded with their own motion for summary judgment seeking an affirmative ruling on the merits of their case. After consideration of both motions, the trial court granted summary judgment in favor of the appellee and denied appellant's counter motion. We affirm.

Appellant contests the judgment below with four points of error. The following standards apply in their review:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

In points of error one and four, the appellants assert that the trial court erred in granting the appellee's summary judgment motion because the claims are not barred by limitations and that fact issues exist. Each of the promissory notes is a secondary mortgage loan subject to Chapter Five of the Texas Consumer Credit Code. TEX. REV.CIV.STAT.ANN. art. 5069–2.01 *et seq.* Article 5069–8.04(a) defines the limitations terms for all Chapter five violations. Specifically, the clause provides that actions under the Chapter "may be brought within four years from the date of the loan or retail installment transaction or within two years from the date of the occurrence of the violation, whichever is later ..." TEX. REV.CIV.STAT.ANN. art. 5069–8.04(a).

Each of the appellant's lawsuits were filed more than four years after the promissory notes were signed.[1] The appellants seek to avoid the obvious effect of the statute by claiming that limitations was tolled for a significant period of time by the pendency of a class action in the case of *Danziger v. San Jacinto Savings Association*, 732 S.W.2d 300 (Tex.1987). Since a class action suit suspends the running of the statute only as to all members of the class, *Grant v. Austin Bridge Construction Co.*, 725 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1987, no writ), the appellants' causes of action were not effected. The appellants have failed to show that their claims fall within the class of claims presented in *Danziger*. The claims of the members of a class action must be sufficiently similar to be considered in the same class. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 355, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983). The appellants here prepaid their loans while the plaintiffs in *Danziger* did not prepay. Furthermore, the *Danziger* plaintiffs made their class certification request on April 29, 1981, and the District court denied the request on August 2, 1983. The period from the request to the denial of the request was approximately two years and four months. When subtracted from the number of years which passed before the appellants filed their suits, their causes of actions still fall outside the limitations period. Although the appellants argue that the limitations were tolled until the final judgment was signed in *Danziger* on July 22, 1984, this is erroneous. A written judgment or order to reflect a court's ruling is not a prerequisite finality of the judgment or order. It is merely a ministerial act carried out for the purpose of providing a record of the court's actions. TEX.R.CIV.P. 306a; *See also Liberty Mutual Ins. Co. v. Woody*, 640 S.W.2d 718, 721 (Tex.App.—Houston [1st Dist.] 1982, no writ).

The appellants also argue that their claims are not barred by the two year provision of article 5069–8.04(a). Their argument is based upon language in the *Danziger* opinion which indicated that multiple and distinct violations of "contracting for", "charging", or "receiving" usurious interest may arise in a single loan transaction. *Danziger, supra* at 304. While the court concluded that such multiple violations may occur, they did not hold that a new period of limitations would run from each such event. Further, the statute provides that "multiple violations ... occurring in a single transaction shall entitle the obliger to a single recovery". TEX.REV.CIV. STAT.ANN. art. 5069–8.01(g). Appellant's assertions are erroneous, and points of error one and four are overruled.

In point of error number two, the appellants assert that the trial court erred in granting the appellee's motion for summary judgment because the evidence shows that the appellee contracted for, charged, and received usurious interest. The foundation of this argument is that a violation of the usury statutes has been proven as a matter of law. In *Danziger* the appellee was found liable for statutory penalties. Appellants argue that this case is identical to *Danziger* and such penalties should be assessed here. The present case has a key difference from *Danziger* in that the loans

---

1. The Mayfield suit was filed on June 1, 1987, or over 6 years after the note was signed. The Wuyts and Maislos petition was filed on September 23, 1987, or over 7 years after the signing of the notes.

at issue here were prepaid. In *Danziger*, the appellee argued that the loans were not usurious because of statutory provisions for crediting any excess interest at the end of the term. The court rejected this argument for the specific reason that "the Legislature has provided for a credit ... *only* in the instance of pre-payment by the borrower." *Danziger, supra* at 302 (emphasis in the original).

Article 5069–1.07(a) states as follows:

On any loan or agreement to loan secured or to be secured, in whole or in part, by a lien, mortgage, security interest, or other interest in or with respect to any interest in real property, determination of the rate of interest for the purpose of determining whether the loan is usurious under all applicable Texas laws shall be made by amortizing, prorating, allocating, and spreading, in equal parts during the period of the full stated term of the loan, all interest at any time contracted for, charged, or received from the borrower in connection with the loan. However, in the event the loan is paid in full by the borrower prior to the end of the full stated term of the loan and the interest received for the actual period of the existence of the loan exceeds the maximum lawful rate, *the lender* contracting for, charging, or receiving all such interest *shall refund to the borrower the amount of the excess or shall credit the amount of the excess against the amounts owing under the loan and shall not be subject to any of the penalties provided by law for contracting for, charging, or receiving interest in excess of the maximum lawful rate.*

TEX.REV.CIV.STAT.ANN. art. 5069–1.07(a) (emphasis added).

Here the appellee credited all unearned interest due at the time the appellants' notes were prepaid. While other Courts of Appeals have held that crediting the interest does not relieve the lender of penalties, *See Coppedge v. Colonial Sav. & Loan Ass'n*, 721 S.W.2d 933 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), this case is distinguishable. In *Coppedge*, which was decided a year before *Danziger*, the Court of Appeals determined that receipt of usurious interest arose solely from the bank's actions *after* prepayment of the loan and held as a matter of law that 5069–1.07(a) was inapplicable. In the present case, the interest was credited at the time of prepayment, and the language in *Danziger* is controlling. Appellant's second point of error is overruled.

In a third point of error, appellants assert that the granting of the summary judgment was improper because appellee did not establish as a matter of law its defense that there was a bona fide error. Appellants' argument relates to the Mayfield note, where it is argued that the payoff quote was excessive by $180. The appellants complain that the appellee did not adequately meet its burden of proving the error was bona fide. If an overcharge of interest occurs because of an accidental and bona fide error, a lender will not be liable for usury penalties. TEX.REV.CIV. STAT.ANN. art. 5069–1.06(1). The defense is limited to clerical-type errors, and erroneous interpretations of law are not excused. *See Commercial Credit Equipment Corp. v. West*, 677 S.W.2d 669, 677 (Tex.App.— Amarillo 1984, writ ref'd n.r.e.). The affidavit of the appellee's Vice–President and Assistant General Counsel was presented at the Summary Judgment hearing. He explained that one of the disbursement checks on this particular note transposed numbers and this made a difference of $180. Copies of both the check and check stub were attached to the affidavit to show the discrepancy between the two figures. If the Mayfields paid $180 in excess interest, it was the result of an accidental and bona fide error. The appellee presented adequate summary judgment evidence upon which the court could find that the defense existed. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.