Emilia **BARA** and Richard **Bara**, Appellants,

v.

**MAJOR FUNDING CORPORATION LIQUIDATING TRUST,** Appellee.

No. 3–93–360–CV.

Court of Appeals of Texas, Austin.

April 13, 1994.

Rehearing Overruled June 29, 1994.

---

Mark L. Perlmutter; Perlmutter & Reagan, L.L.P., Austin, for appellant.

Lee P. Wood, Nathan, Wood & Sommers, Houston, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

This is an appeal from a summary judgment. Emilia and Richard Bara, appellants, sued Major Funding Corporation Liquidating Trust (Major Funding), appellee, for damages arising out of a contract for home improvements, alleging violations of the Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com.Code Ann. §§ 17.41–.63 (West 1987 & Supp.1994) (hereinafter "DTPA"); fraud; and usury. At trial, defendants moved for summary judgment based on the statute of limitations. The district court granted the motion for summary judgment. We will reverse the judgment of the district court.

## BACKGROUND

Emilia and Richard Bara entered a retail installment contract on February 4, 1986, with B & B Siding Wholesale for the installation of siding on their east-Austin home. After obtaining the Baras' signature, B & B sold the contract to appellee, Major Funding. Evidence in the record indicates that on or before October 1, 1987, the Baras filed a complaint about the terms of the siding contract with the office of the Texas attorney general. In fact, even before the Baras signed their contract, the attorney general had received numerous complaints from homeowners regarding contracts purchased by Major Funding, including allegations of DTPA and credit code violations. Based on

these complaints, the attorney general filed a lawsuit against Major Funding on September 3, 1985, pursuant to section 17.47 of the DTPA. Under this provision, the attorney general may bring an action in the public interest against an entity it believes is engaged in conduct prohibited by the DTPA. The attorney general brings a section 17.47 action in the name of the state. DTPA § 17.47.

In response to their complaint, the attorney general notified the Baras in August 1988 of the on-going lawsuit against Major Funding, and informed the Baras that they would be included in the group of homeowners covered by the legal action. In 1990, the attorney general negotiated a settlement with Major Funding. The Baras received a settlement package from the attorney general in November 1990.[1] The letter from the attorney general accompanying the settlement documents encouraged the Baras to discuss the settlement offer with a private attorney before accepting it. The Baras did consult with an attorney and decided to reject the settlement offer. On May 6, 1992, the Baras filed their own lawsuit against Major Funding alleging DTPA violations, usury, and fraud. Major Funding answered the Baras' petition by raising the affirmative defense that the Baras' claims were barred by the applicable statutes of limitations, and filed a motion for summary judgment. The district court granted Major Funding's summary judgment motion, and rendered a take-nothing judgment against the Baras.

## DISCUSSION

This is a case of first impression in Texas. The issue before us is whether an action brought by the attorney general pursuant to DTPA section 17.47 in response to consumer complaints tolls the running of the statutes of limitations on the consumers' individual claims. The Baras contend that the attorney general's suit was a *de facto* class action

which tolled the statutes of limitations during the pendency of the attorney general's action.

The interests presented in this case are closely akin to the interests presented in class action litigation. Therefore, in deciding this issue, it is helpful to examine the body of law governing class actions. Class actions are governed by Rule 42 of the Texas Rules of Civil Procedure, rewritten in 1977 to mirror the class action provisions of the Federal Rules of Civil Procedure. Tex.R.Civ.P. 42; Thomas McElroy, *Civil Pretrial Procedure* § 618 (West 1980 & Supp.1992).

Recent Texas cases have established that filing a class action tolls the running of the statute of limitations for all members of the class. *Mayfield v. San Jacinto Sav. Ass'n*, 788 S.W.2d 119, 121 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Grant v. Austin Bridge Constr. Co.* 725 S.W.2d 366 (Tex. App.—Houston [14th Dist.] 1987, no writ). For example, in *Grant*, the court found that the filing of a class action suspends the running of the statute of limitations against all purported class members where the statute would otherwise have expired during the class action, even if the class is decertified. Any time remaining on the statute of limitations for the individual class members' claims when the class action was filed is restored. Thus, the decertification of a class does not foreclose the right of an individual to pursue his own claim. *Id.* at 370.

No Texas cases have considered the situation of a plaintiff who "opts out" of a class action suit, a situation similar to the Baras' position. It is noteworthy, though not controlling, that federal courts have held that tolling applies to class members who opt out and subsequently file separate suits. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir.1985); *see also Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

---

1. The settlement package decreased the amount of money owed to Major Funding under the individual contracts and reduced the interest rates on the contracts to a legal level. The homeowners who accepted the settlement were still obligated to make regular payments on their loans. Major Funding continued to be free to

pursue all collection measures, including demanding full and immediate payment on the contracts and selling the homeowner's property in the event the debt was not paid. Because of Major Funding's bankruptcy, the attorney general was unable to obtain cash payments for the homeowners as part of the settlement.

Thus, class actions have been held to toll the statute of limitations when a class was decertified or if class members decided to opt out because strict application of the statute of limitations in these circumstances would be inequitable; it would leave the class members without a remedy, despite the diligent pursuit of their claims through the class action and despite the fact that the defendant is not significantly prejudiced, having been put on notice of the claims presented. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766–67, 38 L.Ed.2d 713 (1973). The Baras argue that these reasons are equally applicable to the attorney general's action against Major Funding. We agree.

■ One of the purposes of enforcement of the DTPA by the attorney general is to prevent a multiplicity of suits. Similar claims against common defendants are consolidated and the attorney general pursues them on behalf of the consumers. *See* DTPA § 17.47. If participation in the attorney general's action were held not to toll the statute of limitations, potential consumers with similar claims would be dissuaded from filing DTPA complaints with the attorney general for fear that, should they eventually decide to reject a settlement negotiated by the attorney general on their behalf, they would risk being barred by the statute of limitations. Thus, the purpose of efficiency and economy of litigation would be frustrated by not tolling the statute of limitations.

■ Furthermore, tolling the statute of limitations in the *instant case* is consistent with the policies that underlie statutes of limitations. The primary purpose of a statute of limitations is to ensure that claims are asserted within a reasonable time, giving the opposing party a fair opportunity to prepare a defense while evidence is still available. *Matthews Constr. Co. v. Rosen,* 796 S.W.2d 692, 694 (Tex.1990). A statute of limitations also ensures that notice of claims is given to adverse parties in order to prevent "fraudu-

lent and stale claims from springing up at great distances of time and surprising the other party." *Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816, 820 (1950). These ends are achieved when the attorney general begins a suit and thereby places defendants on notice, not only of the specific substantive claims being brought against them, but also of the number of potential consumers who may ultimately participate in the final judgment. In this *de facto* class action, the defendant has been made aware of the need to preserve evidence and witnesses with respect to the claims of *all potential consumers. See American Pipe & Constr. Co.,* 414 U.S. at 538, 94 S.Ct. at 756.

■ Major Funding contends that if the Baras are permitted to rely on class action tolling principles, they should be bound by the outcome of the attorney general's lawsuit. In effect, Major Funding argues that the Baras "want to have their cake and eat it too." We disagree. In statutory class actions brought pursuant to Rule 42 of the Texas Rules of Civil Procedure, the opt out guidelines guarantee that parties do not have the opportunity to have two trials, individually and as part of a class, over the same issue.[2] The fact that the Baras were given the opportunity to consider a *settlement offer* before making their decision to opt out is not the equivalent of having two trials over the same issue or an assortment of judgments from which to choose. Here, the situation is comparable to the Baras rejecting a settlement offer before proceeding to trial in their own individual lawsuit. Furthermore, Major Funding has not demonstrated that it suffered any prejudice from the Baras' decision to reject the settlement offer and proceed individually. Finally, Major Funding has stated no policy reasons for not applying tolling principles to a *de facto* class action such as this.

We conclude that in situations in which the attorney general files suit under section 17.47 of the DTPA on behalf of a specified group of

**2.** In a class action under Rule 42(c), upon receiving notice of the class action, class members need not take any affirmative steps to become represented by the class. To opt out, however, the individual member must give notice to the

court of an intent not to remain in the suit by a specified date in order to preserve his right to pursue the claim individually. Tex.R.Civ.P. 42(c)(2).

individuals, that suit qualifies as a *de facto* class action and the statute of limitations is tolled during the period in which the individuals are participants in the attorney general's suit.

 We now examine the statutes of limitations applicable to the Baras' claims. The statute of limitations for the Baras' DTPA claim is two years. DTPA § 17.565. The statute of limitations for the Baras' fraud and usury claims is four years. Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (West 1986) (fraud); Tex.Rev.Civ.Stat.Ann. art 5069–1.06(3) (West 1987) (usury). Eighteen months elapsed between the Baras' rejection of the settlement offer and the date the Baras filed their individual lawsuit. Major Funding argues that even if the statute of limitations were tolled during the attorney general's suit, the Baras' DTPA claim would still be barred. Major Funding contends that the statute of limitations was running between the date the Baras entered into the original contract and, either the date the Baras filed a claim with the attorney general or the date the Baras were notified of their inclusion in the attorney general's lawsuit. Major Funding argues that the total period of time, notwithstanding the tolling period, is in excess of two years and, thus, the Baras' DTPA claim is barred.

The Baras rejoin that application of the discovery rule prevents their DTPA claim from being barred. The Baras contend that they did not discover that they had a cause of action until they filed their complaint with the attorney general's office; thus, the Baras contend that none of their causes of action are barred by limitations.

Mindful that this cause is before us on a summary judgment, we conclude that material fact issues exist as to whether the Baras' DTPA claim survived the two-year statute of limitations. However, applying tolling principles to the attorney general's *de facto* class action, we conclude that the Baras' fraud and usury claims survive, and are not barred by the four-year statute of limitations. Therefore, we reverse the district court's summary judgment and remand the cause for further proceedings consistent with this opinion.