

NUMBER
13-15-00106-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

V. BELAFONTE FRIAR,                                               Appellant,

v.

CHRISTOPHER BLASCHKE,                                            Appellee.

### On appeal from the County Court
### of De Witt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant V. Belafonte Friar appeals from a judgment in a forcible detainer action
in favor of appellee, Christopher Blaschke, independent executor of the estate of Mary
Anna Majefski Winkelmann, deceased.  By a single issue, appellant contends the trial
court erred in failing to abate the forcible detainer action because a suit involving the

same parties and issues was pending when the present action was filed. We affirm.

## I. BACKGROUND

On January 6, 2015, Blaschke filed a forcible detainer action in justice court of DeWitt County, Texas, to recover possession of certain real property ("the property") from appellant. The justice court granted judgment in Blaschke's favor. Appellant appealed the judgment to county court. Following a trial de novo in county court on February 23, 2015, the county court also rendered judgment in favor of Blaschke.

By his sole issue, appellant contends that the county court should have abated the present case because an ancillary proceeding involving the same parties and involving title to the property was pending at the time the present action was filed. Because appellant's argument relies on events in the ancillary proceeding, we outline the relevant procedural events in that matter.

In trial court cause number 11347A in county court in DeWitt County, Blaschke sued appellant to rescind a warranty deed allegedly fraudulently acquired by appellant and to return ownership of the property to Winkelmann's estate. On October 28, 2014, the trial court signed a partial summary judgment rescinding the deed and returning the property to the estate. On November 20, 2014, the trial court severed the partial summary judgment into the separate cause number 11347B. Following a December 1, 2014 bench trial on the remaining issues for monetary damages, the trial court signed a final judgment in cause number 11347A on December 2, 2014. Appellant filed an untimely motion for new trial in cause number 11347A on January 12, 2015, and a notice of appeal on March 4, 2015.

On April 9, 2015, this Court dismissed the appeal for want of jurisdiction, finding

that the deadline for filing appellant's motion for new trial was January 2, 2015,[1] and that appellant's motion for new trial was untimely because it was filed on January 12, 2015, and that the notice of appeal was therefore untimely as well. *See Friar v. Blaschke,* No. 13-15-00108-CV, 2015 WL 1631785, at *1 (Tex. App.—Corpus Christi April 9, 2015, no pet.) (mem. op., per curiam). This Court's mandate was issued September 21, 2015.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Appellant argued, in his motion to abate and on appeal, that the county court lacked jurisdiction to determine which party had the right to immediate possession because the previously-filed ancillary proceeding—which involved title to the property—remained pending. Appellant argued that the county court erred in denying his motion to abate on grounds that the ancillary proceeding remained pending. We review a trial court's ruling on a motion to abate for an abuse of discretion. *See Dolenz v. Cont'l Nat'l Bank*, 620 S.W.2d 572, 575 (Tex. 1981); *Molano v. State*, 262 S.W.3d 554, 558 (Tex. App.—Corpus Christi 2008, no pet.).

## III. DISCUSSION

Appellant argues that the trial court erred in not abating the present suit because the ancillary proceeding "had not been finalized because it was on appeal from the judgment of the County Court." We disagree.

An interlocutory judgment becomes final when the trial court severs the interlocutory judgment from the unadjudicated claims. *See* TEX. R. CIV. P. 41; *Harris Cty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (holding that, when order of severance was signed, summary judgment for two defendants became final). Here,

---

[1] The thirtieth day after December 2, 2014, fell on January 1, 2015, which was New Year's Day. The deadline for filing the motion for new trial was therefore extended to Friday, January 2, 2015. *See* TEX. R. APP. P. 4.1(a).

the trial court severed the partial summary judgment—disposing of the issue of title to the property—on November 20, 2014, rendering that judgment final.[2]  The deadline for filing a motion for new trial in that judgment was thirty days after the date of the severance order.  *See* TEX. R. CIV. P. 329b; *see Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) ("When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties.").

Even if we disregard the severance, the trial court rendered judgment on the remaining claims (in cause number 11347A) on December 2, 2014.  As this Court noted in appellate cause number 13-15-00108-CV, the deadline for filing a motion for new trial was January 2, 2015.  Appellant's motion for new trial was untimely because it was filed on January 12, 2015.  Appellant's argument that the ancillary proceeding was not final because it was "on appeal" is without merit.  *See* TEX. R. CIV. P. 329b(d).  Thus, when the present case was filed on January 6, 2015, the ancillary proceeding was final and was no longer pending.  Accordingly, the county court did not abuse its discretion in denying appellant's motion to abate, and we overrule his sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
9th day of June, 2016.

---

[2] We note that, at the bench trial of the present case, the parties stipulated to these dates.

4